IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON BURNIGHT,

    Petitioner,                      No. CIV S-08-1894 MCE CHS P

    vs.

D.K.SISTO,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

## I.  INTRODUCTION

Petitioner Burnight, a state prisoner, proceeds pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a January 23, 2007 decision of the state parole authority that he was not suitable for parole.[1]

## II.  BACKGROUND

In 1993, petitioner pleaded guilty to second degree murder and was sentenced to prison for 15 years to life.  His minimum eligible parole date passed on April 23, 1999.

On January 23, 2007, a panel of the Board of Parole Hearings ("Board") conducted a fourth subsequent (fifth overall) parole suitability hearing to determine whether

---

[1] These findings and recommendations supercede the November 16, 2010 findings and recommendations, which were vacated on January 27, 2011.

1

petitioner was suitable to be released on parole.  It was determined that petitioner still posed an unreasonable risk of danger to the public, and thus that he was not suitable for parole.

Petitioner challenged the Board's denial of parole in a petition for writ of habeas corpus to the Alameda County Superior Court; his claims were denied in a written decision filed on August 13, 2007.  The California Court of Appeal and the California Supreme Court likewise denied petitioner's requested relief, but without written opinions.

### III.  GROUNDS FOR RELIEF

The pending federal petition presents the following grounds for relief, verbatim:

GROUND ONE- The BPH's decision to deny petitioner parole violated petitioner's right to due process of law under the California and United States Constitutions.  The Board failed to afford petitioner an individualized consideration of all the factors relev[a]nt to parole decisions.

GROUND TWO- The BPH violated petitioner's due process of law under California and United States Constitutions by using language that gave extra weight to the gravity of petitioner's commitment offense.  Petitioner was not afforded individualized consideration of all relevant factors to parole decisions.

GROUND THREE- The BPH using a religious based program to in part deny petitioner suitability violates the 1st Amendment of the United States Constitution's Establishment Clause and the 14th Amendment civil liberties.

Petitioner's first and second grounds for relief both challenge the Board's denial of parole as a violation of federal due process and/or state law, and will be addressed together herein as a single claim.  For purposes of this opinion, however, ground three will be addressed first.

### IV.  APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. §2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (*citing Engle v. Isaac*, 456 U.S. 107, 119 (1982)).

2

Additionally, this petition for writ of habeas corpus was filed after the effective date of, and thus is subject to, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999). Under AEDPA, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001). This court looks to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002), *cert. dismissed*, 538 U.S. 919 (2003).

V.  DISCUSSION

A.   First Amendment (Ground Three)

Petitioner claims that the Board's denial of parole violated his rights under the Establishment Clause of the First Amendment because it was based, in part, on his failure to attend Alcoholics Anonymous, a faith-based program.

"It is beyond dispute that, at a minimum, the Constitution guarantees that government may not coerce anyone to support or participate in religion, or its exercise..." *Lee v. Weisman*, 505 U.S. 577, 587 (1992). The United States Supreme Court has articulated three basic tests for identifying Establishment Clause violations. *Lemon v. Kurtzman*, the 403 U.S. 602, 613 (1971). Under these tests, government acts must (1) have a "secular legislative purpose"; (2) not have a "principal or primary effect" which either "advances [or] inhibits

3

religion"; (3) and not foster "an excessive government entanglement" with religion. *Id*. A government mandate to attend religious or religion-based events, for example, is clearly barred. *Inouye v. Kemna*, 504 F.3d 705, 713 n.7 (9th Cir. 2007).

In *Inouye v. Kemna*, the Ninth Circuit adopted a three part mode of inquiry for determining whether there has been governmental coercion of religious activity. 504 F.3d at 713. The *Inouye* "coercion test" asks, sequentially: (1) has the state acted; (2) does the state action amount to coercion; and (3) is the object of the coercion religious rather than secular? *Id*. (applying "coercion test" to parolee's §1983 action challenging a requirement that he attend a faith-based treatment program as a condition for remaining on parole); *see also Turner v. Hickman*, 342 F.Supp.2d 887, 894-95 (E.D. Cal. 2004) (applying "coercion test" to §1983 action alleging inmates were required to participate in a faith-based treatment program as a condition for release on parole).

In the parole suitability context, the first element of the *Inouye* coercion test is satisfied if the parole board expressly states that the prisoner must participate in the faith-based program. *Turner*, 342 F.Supp.2d at 895-96. The second element is met if the Board advises the prisoner he will not be eligible for parole unless he participates in the faith-based program. *Id*. at 896. Programs such as AA and NA are "fundamentally religious" within the meaning of the third element of the coercion test. *Id*. at 896-97.

On state habeas corpus review of petitioner's First Amendment claim, the Alameda County Superior Court held:

> As to Petitioner's claim that the Board used his lack of participation in religious based program to deny parole in violation of his 1st and 14th Amendments, that contention is without merit. Because of Petitioner's alcohol and drug addiction, the Board was concerned with Petitioner's lack of participation in substance abuse programs and there is no indication in the record that the Board required the programs be religious.

(*In re Burnight*, No. H12927, Order Denying Petition, August 13, 2007, at 2-6.)

/////

4

Petitioner contends that AA, NA, and other faith based programs are the only self-help substance abuse programs available to him. Assuming the truth of this allegation, it remains that nothing in the Board's decision required his participation. Although the panel of the Board presiding over petitioner's 2007 suitability hearing discussed the sufficiency of his participation in substance abuse programming, the panel did not indicate that petitioner was required to participate in AA, NA, or any faith based substance abuse program in order to be found suitable. Moreover, although petitioner's practice of the Wicca religion was briefly discussed at the 2007 parole suitability hearing, it does not appear that petitioner expressed to the Board that his religious beliefs conflicted with participation in the substance abuse programs offered at his institution. Rather, as will be discussed in connection with the due process claim, petitioner participated in many such programs during his incarceration. At the time of the 2007 parole suitability hearing, for example, it was noted that he was attending AA. Nothing in the record suggests that his attendance was coerced. *Cf. Turner*, 342 F.Supp.2d at 891-92 (*Inouye* "coercion test" for proving a First Amendment violation satisfied where panel member advised prisoner that his participation in NA was a "mandatory" prerequisite to the Board's parole suitability determination).

In sum, the state court's rejection of petitioner's First Amendment claim is not an unreasonable application of clearly established Supreme Court precedent, nor based on an unreasonable determination of the facts in light of the evidence.

B.   Federal Due Process and State Law Grounds (Grounds One and Two)

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A person alleging a due process violation must first demonstrate that he or she was deprived of a protected liberty or property interest, and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. *Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 459-60 (1989); *McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir. 2002).

A protected liberty interest may arise from either the Due Process Clause itself or from state laws. *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). The United States Constitution does not, in and of itself, create for prisoners a protected liberty interest in the receipt of a parole date. *Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981); *Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before expiration of a valid sentence."). Where a state's statutory parole scheme uses mandatory language, however, it "'creates a presumption that parole release will be granted' when or unless certain designated findings are made," thereby giving rise to a constitutional liberty interest. *McQuillion*, 306 F.3d at 901 (*quoting Greenholtz*, 442 U.S. at 12). California's parole statutes give rise to a liberty interest that is protected by the federal due process clause. *See, e.g., Pirtle v. Cal. Bd. of Prison Terms*, 611 F.3d 1015, 1020 (9th Cir. 2010) (overruled on other grounds); *see also Swarthout v. Cooke*, No. 10-333, slip op. at 4 (U.S. January 24, 2011) ("the Ninth Circuit held that California law creates a liberty interest in parole[.] While we have no need to review that holding here, it is a reasonable application of our cases.) (citations omitted).

The full panoply of rights afforded a defendant in a criminal proceeding is not constitutionally mandated in the context of a parole proceeding. *See Pedro v. Or. Parole Bd.*, 825 F.2d 1396, 1398-99 (9th Cir. 1987); *see also Swarthout*, slip op. at 4 ("In the context of parole, we have held that the procedures required are minimal.") The Supreme Court has held that a parole board's procedures are constitutionally adequate if the inmate is given an opportunity to be heard and a decision informing him of the reasons he did not qualify for parole. *Swarthout*, slip op. at 4-5 (citing *Greenholtz*, 442 U.S. at 16).

Additionally, as a matter of *state* law, denial of parole to California inmates must be supported by at least "some evidence" demonstrating future dangerousness. *See, e.g., In re Lawrence*, 44 Cal.4th 1181 (2008); *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002). California's "some evidence" requirement, however, is a substantive requirement that is not

6

protected by the federal due process clause. *Swarthout*, slip op. at 5. Rather, in the parole suitability context, "the only federal right at issue is procedural." *Id*. at 6.

In this case, the record reflects that petitioner was present at his January 23, 2007 parole suitability hearing, that he participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole. As discussed, federal due process requires no more. Petitioner's remaining grounds for relief raise only state law issues that will not be reviewed here. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Accordingly, petitioner is not entitled to relief for any of his claims regarding the Board's denial of parole.

## VI.  CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the application for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 10, 2011

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE